IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

Matt Yadyasar,

    PLAINTIFF,

VS.                                              CV NO.:

RaceOn, Inc. and Taleb Barghi-S,

    DEFENDANTS.                     JURY TRIAL DEMANDED

COMPLAINT

## I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

## II. PARTIES

2. Plaintiff, Matt Yadyasar, (hereinafter "Plaintiff") is a resident of Chelsea, Shelby County, Alabama, and performed work for the Defendants in the counties composing the Northern District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Division.

3.     Defendant RaceOn, Inc. ("Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is engaged in commerce as contemplated by 29 U.S.C. §§ 203(r), 203(s). Therefore, this Court has jurisdiction over Defendant.

4.     Defendant Taleb Barghi-S (hereinafter "Defendant"), is an individual and resident of Shelby County, Alabama, as well as the owner of RaceOn, Inc.; Defendant Barghi-S supervised the day-to-day operations of Defendant, RaceOn, Inc., including setting Plaintiff's rate of pay, job duties, and hours worked, meaning that Defendant Barghi-S is an employer as defined by the FLSA. See 29 U.S.C § 203(d).

## III. STATEMENT OF FACTS

5.     Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-5 above.

6.     Defendants hired Plaintiff sometime during late 2003 or early 2004.

7.     Defendants employed Plaintiff as a Clerk.

8.     As part of his job duties, Plaintiff accepted credit and debits cards from Defendants' customers and ran the transactions to effectuate a sale for Defendants' benefit.

9. As part of his job duties, Plaintiff accepted telephone calls from customers and vendors that originated from telephone numbers outside of the State of Alabama.

10. As part of his job duties, Plaintiff made telephone calls to customers and vendors that were directed to telephone numbers outside of the State of Alabama.

11. As part of his job duties, Plaintiff interacted with vendors that stocked Defendants' shelves with products that originated from outside the State of Alabama.

12. As part of his job duties, Plaintiff processed and cashed customers' payroll checks, such that Defendants took a percentage of the check as a fee.

13. As part of his job duties, Defendants expected Plaintiff to stop shoplifters.

14. As part of his job duties, Plaintiff has been held at gunpoint on two different occasions.

15. As of the filing of this Complaint, Plaintiff's last day worked was July 2, 2021.

16. At all times during the employment relationship, Defendants incorrectly classified Plaintiff as a salary paid, exempt employee.

17. From the period of three years preceding the filing of this Complaint until on or about April 25, 2021, Defendants paid Plaintiff a salary of $520.00 per week.

18. From the period of April 26, 2021, through July 2, 2021, Defendants paid Plaintiff a salary of $560.00 per week.

19. During the three years preceding the filing of this Complaint, Defendants permitted Plaintiff to suffer and permit work that exceeded over forty hours in a work week.

20. Defendants' created a schedule for Plaintiff that include fifty-six (56) hours per week, with the schedule set out as follows:

| Day of the Week | Schedule Start Time | Scheduled End Time | Hours Per Day |
|---|---|---|---|
| Monday | 6:00 a.m. | 2:00 p.m. | 8 |
| Tuesday | Off | Off | 0 |
| Wednesday | 6:00 a.m. | 2:00 p.m. | 8 |
| Thursday | 6:00 a.m. | 2:00 p.m. | 8 |
| Friday | 6:00 a.m. | 2:00 p.m. | 8 |
| Saturday | 6:00 a.m. | 10:00 p.m. | 16 |
| Sunday | 6:00 a.m. | 2:00 | 8 |

21. Plaintiff's regularly performed fifty-nine and a half (59.5) hours of labor for Defendants with the typical work day's actual labor set out as follows:

| Day of the Week | Schedule Start Time | Scheduled End Time | Hours Per Day |
|---|---|---|---|
| Monday | 5:50 a.m. | 3:00 p.m. | 9.25 |

| Tuesday | 5:50 a.m. | 2:15 p.m. | 8.5 |
| Wednesday | Off | Off | 0 |
| Thursday | 5:50 a.m. | 2:45 p.m. | 9.00 |
| Friday | 5:50 a.m. | 2:00 p.m. | 8.25 |
| Saturday | 5:50 a.m. | 10:30 p.m. | 16.75 |
| Sunday | 5:50 a.m. | 2:30 p.m. | 8.75 |

22. Defendants do not require Plaintiff to record his time worked using any time clock, web application, or other time recording system in any way.

23. When Defendant Barghi-S took a vacation, or otherwise did not work onsite at Defendant RaceOn, Inc.'s premises, Plaintiff typically worked from 5:50 a.m. until 10:30 p.m. for four or five straight days.

24. Defendants failed to pay Plaintiff any overtime premium for hours worked in excess of forty in a workweek.

25. Defendants did not grant Plaintiff the authority to hire employees for its benefit.

26. Defendants did not grant Plaintiff the authority to terminate employees for its benefit.

27. Defendants did not place two or more employees under the supervision of Plaintiff.

28. Plaintiff's labor performed for the benefit of Defendants was entirely manual in nature and consisted of little or no administrative paperwork.

29. Defendants did not grant Plaintiff the authority to sign checks or otherwise engage in transactions for its benefit.

30. Plaintiff did not keep production records or sales records for any employee of Defendant RaceOn Inc. as part of his job duties.

31. Plaintiff did not distribute materials, merchandise or supplies to employees in order to maintain control of any of Defendants' employees' use of such expenditures.

32. Plaintiff's job duties did not require him to provide for the security and/or safety of Defendant RaceOn Inc.'s employees.

33. Plaintiff did not plan or control any aspect of any portion of Defendant RaceOn Inc.'s operational budget.

34. Plaintiff did not monitor or implement legal compliance as part of his job duties performed for the benefit of Defendants.

35. Plaintiff did not engage in the management or general business operations for the benefit of Defendant RaceOn Inc. in regard to tax, finance, accounting, budgeting, or auditing.

36. Plaintiff did not engage in the management or general business operations for the benefit of Defendant RaceOn Inc.'s in regard to insurance, purchasing, quality control, purchasing or procurement.

37. Plaintiff did not engage in the management or general business operations for the benefit of Defendant RaceOn Inc.'s in regard to advertising or marketing.

38. Plaintiff did not engage in the management or general business operations for the benefit of Defendant RaceOn Inc.'s in regard to safety and/or health, personnel management, human resources, employee benefits, labor relations, public relations government relations and/or regulatory compliance.

39. Plaintiff did not engage in the management or general business operations for the benefit of Defendant RaceOn Inc.'s in regard to computer networking and database administration.

## IV. COUNT ONE – FLSA – Overtime Violations

40. Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1-39 above.

41. During the three years preceding the filing of this Complaint, Defendant RaceOn, Inc. is an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. 203(s)(1).

42. During the three years preceding the filing of this Complaint, Defendant RaceOn, Inc. has been a company wherein two or more employees, including the Plaintiff and Defendant Barghi-S, are engaged in interstate commerce and whose

employees handle and/or work on goods that have been moved in and/or produced in commerce.

43. During the three years preceding the filing of this Complaint, Defendant RaceOn Inc.'s gross annual volume of revenue, on a rolling quarterly basis, exceeded $500,000 per year for quarters ending on June 2021, March 2021, December 2020, September 2020, June 2020, March 2020, December 2019, September 2019, June 2019, March 2019, December 2018, September 2018, and June 2018.

44. At all times relevant to this action, Defendant RaceOn Inc. was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

45. At all times relevant to this action, Defendant Taleb Barghi-S was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

46. During the three years preceding the filing of this Complaint, Plaintiff, was an employee of Defendant(s) as defined by 29 U.S.C. § 203(e)(1).

47. Plaintiff was engaged in interstate commerce and/or the production of goods for interstate commerce while working for Defendants. Plaintiff's interstate commercial activity included, but was not limited to, interacting with customers, using the instrumentalities of interstate commerce that included processing debit and credit card transactions, cashing checks, and speaking with customers and vendors on the telephone.

48. During the three years preceding the filing of this Complaint, Defendant failed to maintain time records demonstrating that Plaintiff's hours worked in excess were in excess of forty hours for a work week.

49. Defendant failed to pay Plaintiff for all hours worked in excess of forty in a workweek; or alternatively, Defendant failed to pay Plaintiff overtime premium all hours worked in excess of forty in a work week.

50. Pursuant to paystubs that Defendants rendered to Plaintiff, the seven-day work week commenced on Monday at 12:00 a.m. and ended on Sunday at 11:59 p.m.

51. Plaintiff's job duties resulted in him spending 80% of his time worked (or more) performing duties that consisted of manual labor or otherwise spent while on his feet.

52. As the result of Defendant's willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime pay.

### V. COUNT TWO – FLSA – Unpaid Minimum Wage

53. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-52 above.

54. During the three years preceding the filing of this complaint, Defendants failed to pay Plaintiff minimum wage in one or more workweeks.

55. When Defendant Barghi-S took a vacation and did not work onsite at Defendant RaceOn, Inc.'s premises, Plaintiff typically worked from 5:50 a.m. until 10:30 p.m. for four or five straight days, thus resulting in 16.75 hours worked per day for a period of four to five straight days, such that when Plaintiff worked his other regularly day during that work week, the salary pay resulted in Plaintiff's regular rate of pay falling below the Federal Minimum wage of $7.25 per hour. See 29 U.S.C. § 206.[1]

56. Because of Defendants' willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of the federally mandated minimum wage for all the hours worked during various workweeks.

57. As a result of Defendant's pay practices, Plaintiff seeks recovery of wages such that he be paid the minimum wage for all hours worked during various work weeks.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

---

[1] For example, ((16.75 hours per day * 5 days per week)) + ( a single 8.25 hour shift) = 92 hours per week. $560 salary/92 hours = $6.08 per hour, resulting in a $1.17 failure to pay the minimum wage).

B. This Court award Plaintiff the amount of unpaid overtime pay, unpaid overtime premium, unpaid minimum wages, liquidated damages equal to the amount of all unpaid wages; nominal damages; and special damages;

C. That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest; and

D. For such other and further relief as this Court deems equitable, proper and just.

_____
Allen D. Arnold

**OF COUNSEL:**

ALLEN D. ARNOLD, LLC
6 Office Park Circle, Suite 209
Mountain Brook, Alabama 35223
T: (205) 252-1550
ada@allenarnoldlaw.com

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

**DEFENDANTS ADDRESSES:**
RaceOn, Inc.
c/o Taleb Barghi-S
1430 9th Avenue North
Bessemer, AL 35020

Taleb Barghi-S
1430 9th Avenue North
Bessemer, AL 35020